968 F.2d 1220
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert A. BROWN, Plaintiff-Appellant,
v.
SEA-LAND SERVICE, INC., dba Sea-Land Innovator, Defendant-Appellee.
 No. 91-56237.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 8, 1992.*
Decided July 13, 1992.
 
 Before POOLE, BEEZER and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Robert A. Brown appeals pro se the district court's order awarding him $2,416.96 in backpay and interest in his unlawful discharge action. Brown contends that the district court should have awarded additional relief including reinstatement and punitive damages. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 * Background
 
 
 4
 On February 14, 1990, Sea-Land Service, Inc. ("Sea-Land") hired Brown as a crewmember on one of its vessels. On March 14, 1990, Brown was discharged from his post. Subsequently, Brown filed an action in the district court claiming that his termination was without just cause. In his response to Sea-Land's answer, Brown asserted that his claim was supported by "Law of Seaman 3:17" and 46 U.S.C. § 10313(c). Sea-Land filed a motion for summary judgment. In his opposition to the motion, Brown asserted an additional theory of recovery under 46 U.S.C. § 2114, which gives a whistleblower protection from retaliation.
 
 
 5
 On October 28, 1991, the district court heard arguments on the motion and, after denying summary judgment, proceeded to trial.[1] The district court excluded the affidavits offered by Sea-Land, essentially leaving it without a defense. "In this state of the record, [Brown's] version of the events [stood] unchallenged and unrebutted," and the district court ruled in Brown's favor. Brown asked the district court to award him one month's salary, reinstatement and punitive damages. The district court asserted that Brown did not request reinstatement and punitive damages in his complaint, and limited its relief to one month's salary and interest.[2] This appeal followed.
 
 II
 Merits
 
 6
 "[E]very final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in the party's pleadings." Fed.R.Civ.P. 54(c); see Z Channel Ltd. v. Home Box Office, Inc., 931 F.2d 1338, 1341 (9th Cir.1991) (district court's remedy not limited to relief sought in complaint), cert. denied, 112 S.Ct. 875 (1992). In an action under 46 U.S.C. § 2114, it is within the district ocurt's discretion to order any appropriate relief, including reinstatement.
 
 
 7
 Here, after trial, Brown requested reinstatement and punitive damages in addition to the one month's salary he expressly requested in his complaint. Sea-Land argued that Brown could not receive reinstatement and punitive damages because Brown's complaint did not include these remedies. The following colloquy took place:
 
 
 8
 COURT: I don't think there is a request for punitive damages in the complaint, is there?
 
 
 9
 SEA-LAND: I don't believe so, Your Honor. I believe it's for lost wages.
 
 
 10
 COURT: You can't ask for something now that you didn't ask for in your complaint.... Well, as far as I read the complaint, the only relief requested for is the sum of $2,175.79 with interest from the 14th day of March 1990.
 
 
 11
 BROWN: And further and other as the Court may deem.
 
 
 12
 COURT: Yes, but that doesn't encompass the kind of relief you are asking for.... So I am going to enter judgment for plaintiff in the sum of $2,175.79 plus cost of suit, period. The case is over. Mr. Brown, you won.
 
 
 13
 RT 9/9/91 at 8-10. In its order, the district court stated, "[f]inding, at trial, how defendant was suddenly left without a defense, plaintiff 'asked for the moon'.... However, these are not issues raised by the complaint and are not before the court. The court declines to award plaintiff any remedy beyond that prayed for."
 
 
 14
 Here, it was entirely within the district court's discretion to order reinstatement or any other appropriate relief. See 42 U.S.C. § 2114. Nevertheless, the district court refused to grant such relief, not only because Brown failed to request it in his complaint, but also because Sea-Land was left without a defense after losing its motion for summary judgment. This was not an abuse of discretion.
 
 
 15
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Therefore, appellant's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The district court denied Sea-Land's motion for summary judgment because there was a factual dispute as to whether Brown's supervisor discharged Brown in retaliation for whistleblowing, in violation of 46 U.S.C. § 2114
 
 
 [2]
 In its order, the district court states that reinstatement and punitive damages "are not issues raised by the complaint and are not before the court. The court declines to award plaintiff any remedy beyond that prayed for."